UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATE WHITE,<br><br>           Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>           Defendant. | No.  2:13-cv-0626-KJN<br><br>ORDER TO SHOW CAUSE |

Plaintiff Nate White, represented by counsel, filed this social security action on April 1, 2013, and paid the filing fee. (ECF No. 1.)  Thereafter, on July 24, 2013, the court denied plaintiff's request for entry of default against the Commissioner without prejudice, explaining that service of process on the Commissioner had not been properly completed.  (ECF No. 8.)  In particular, the court noted:

> In addition to serving the Commissioner itself, a plaintiff in a social security action is required to deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought (i.e., the United States Attorney for the Eastern District of California), and to send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.  See Fed. R. Civ. P. 4(i)(1)(A) & (B), (2).  According to the affidavit of the process server filed by plaintiff, plaintiff served the Commissioner by personally delivering a copy of the summons and complaint to an individual named Mimi Taylor at 6401 Security Boulevard,

1

> Baltimore, MD 21235 on April 29, 2013.  (ECF No. 5.)  However, it appears that plaintiff did not also serve the United States Attorney for the Eastern District of California or the Attorney General of the United States at Washington, D.C., and that service of process thus has not been completed.
>
> Moreover, the Commissioner has previously advised the court that, due to inherent delays when service is made upon the Commissioner in Baltimore, M.D., a copy of the summons and complaint should instead be sent by registered or certified mail to the Commissioner of Social Security, c/o Office of General Counsel, Region IX, 160 Spear Street, Suite 800, San Francisco, CA, 94105-1545.  See Fed. R. Civ. P. 4(i)(2).  Although plaintiff's counsel cannot be faulted for being unaware of this information, it possibly explains the delay encountered by plaintiff's counsel, in addition to the fact that plaintiff did not complete the other components for service of process on the Commissioner.

(Id.)  The court then ordered plaintiff, within 28 days of that order, to "complete service of process by serving the Commissioner, the United States Attorney for the Eastern District of California, and the Attorney General of the United States at Washington, D.C., as specified above and in the Federal Rules of Civil Procedure, with the complaint, summons, scheduling order, a copy of this order, and other appropriate case documents."  (Id.)

Subsequently, on August 8, 2013, plaintiff's counsel filed a declaration, with attached U.S. Postal Service receipts, indicating that he had served the Commissioner at its Baltimore, Maryland address and a "90 *7th* Street, Annex, San Francisco, CA" address by certified mail; and that he had served the Attorney General of the United States at a "555 4th Street NW, Washington, DC" address.  (ECF No. 9.)  The San Francisco address utilized by plaintiff's counsel appears to be the address of the general San Francisco Social Security Office, whereas the Washington, DC address utilized by plaintiff's counsel appears to be the address for the United States Attorney's Office for the District of Columbia.

On September 30, 2013, plaintiff's counsel then filed an affidavit by a process server indicating that copies of the summons, complaint, and case documents were delivered to the Attorney General of the United States at 950 Pennsylvania Avenue NW, Washington , DC," which appears to be the correct mailing address for the Attorney General.  (ECF No. 10.)

Finally, on October 5, 2013, plaintiff's counsel filed two returns of service, indicating that plaintiff's counsel had personally delivered the case documents to the Commissioner at a "90 *5th*

1 Street, San Francisco, CA" address on October 1, 2013. (ECF Nos. 11, 12.)[1]

2 Since that time, the Commissioner has not appeared in the action, and there have been no further filings in the case. This non-appearance is likely because plaintiff's counsel has yet to properly complete service of process in the case, despite the court clear instructions in its prior July 24, 2013 order. At a minimum, plaintiff has failed to serve the United States Attorney for the Eastern District of California as required by the Federal Rules of Civil Procedure and this court's prior order. Furthermore, although it appears that the Attorney General of the United States has now been served at the correct address, it is entirely unclear why plaintiff's counsel failed to serve the Commissioner at the address for the Commissioner's Office of General Counsel, Region IX, as ordered by the court, and instead opted to serve the Commissioner at the regular social security office in San Francisco.

Plaintiff's counsel's failure to comply with the applicable procedural rules and the court's order has resulted in substantial delay to resolution of this case, which can be especially prejudicial in a social security case where a claimant may wait several years for judicial review of his or her claims. Additionally, these failures have resulted in a waste of court time and resources unnecessarily expended to address the deficiencies in service of process.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days of this order, plaintiff's counsel shall show cause why he should not be sanctioned in the amount of $300 for his failure to comply with the procedural rules for service of process and the court's July 24, 2013 order.

2. Within 14 days of this order, plaintiff's counsel shall complete service of process in accordance with the Federal Rules of Civil Procedure and this court's July 24, 2013 order, and shall file a proof of service to that effect. No further extensions will be granted.

////

---

[1] Presumably, this personal delivery had actually taken place at the general San Francisco Social Security Office at 90 *7th* Street Annex, San Francisco, CA. Curiously, plaintiff's counsel attached photos of the office, but these are illegible.

3. Failure to file a timely response to this order to show cause and/or to complete service of process by the required deadline will result in the imposition of increased monetary sanctions and/or in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: December 12, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE