UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATE WHITE, | No. 2:13-cv-0626-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

On December 13, 2013, the court issued an order to show cause requiring plaintiff's counsel, James Joseph Lynch, Jr., to articulate, within fourteen (14) days of that order, why he should not be sanctioned in the amount of $300 for his failure to comply with the procedural rules for service of process on the Commissioner and the court's July 24, 2013 order directing that service of process be completed within 28 days. (ECF Nos. 8, 13.)[1] Specifically, the court's July 24, 2013 order required plaintiff to accomplish service of process, in accordance with Federal Rule of Civil Procedure 4(i), on the following three entities, as follows:

(1) On the United States attorney for the district where the action is brought, i.e., the United States Attorney for the Eastern District of California (with an address of 501 I Street,

---

[1] The history of this case and the specific deficiencies in service of process were outlined in detail in the court's December 13, 2013 order to show cause. (See ECF No. 13.)

1

  Suite 10-100, Sacramento, CA 95814), by delivering copies of the process documents or sending copies of the process documents by registered or certified mail [Fed. R. Civ. P. 4(i)(1)(A)];

(2) On the Attorney General of the United States at Washington, D.C. (with an address of 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001), by sending copies of the process documents by registered or certified mail [Fed. R. Civ. P. 4(i)(1)(B)]; and

(3) The Commissioner of Social Security, Office of General Counsel, Region IX (with an address of 160 Spear Street, Suite 800, San Francisco, CA 94105-1545) by sending copies of the process documents by registered or certified mail  [Fed. R. Civ. P. 4(i)(2)].

(ECF No. 8.)[2]

In the December 13, 2013 order to show cause, plaintiff was further directed to properly complete service of process and file a proof of service to that effect, within fourteen (14) days of the order to show cause.  (ECF No. 13.)  Plaintiff's counsel was also cautioned that "[f]ailure to file a timely response to this order to show cause and/or to complete service of process by the required deadline will result in the imposition of increased monetary sanctions and/or in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b)."  (Id.)

When plaintiff subsequently failed to file a response to the order to show cause or any further declaration regarding service of process by the required deadline, the court issued an order on January 6, 2014, requiring plaintiff's counsel, within fourteen (14) days, to: (a) personally pay the Clerk of Court $600 in monetary sanctions for his failure to comply with procedural rules and this court's orders; and (b) properly complete service of process and file a proof of service to that effect.  (ECF No. 14.)  The court noted that it had considered recommending dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b), but that it wished to first attempt lesser

---

[2] Although the court's July 24, 2013 order provided the Commissioner's Region IX Office of General Counsel address in San Francisco, the order did not specifically outline the addresses for the U.S. Attorney in Sacramento, CA and the Attorney General of the United States at Washington, D.C., entrusting counsel to locate those addresses himself with minimal effort on the Internet or elsewhere.  However, out of abundance of caution, the court now specifically outlines those addresses in this order.

1  monetary sanctions to obtain plaintiff's compliance.  (Id.)  However, plaintiff was cautioned that
2  failure to pay the monetary sanctions in full and/or to properly complete service of process by the
3  required deadline would result in a recommendation that the action be dismissed pursuant to
4  Federal Rule of Civil Procedure 41(b).  (Id.)

5  Thereafter, on January 7, 2014, plaintiff filed objections to the order imposing monetary
6  sanctions.  (ECF No. 15.)  For the reasons discussed below, plaintiff's objections are overruled.

7  Plaintiff contends that his "failure to meet time limits was not the result of failure of
8  diligence, but the result of lack of sufficient information to get the work done."  (ECF No. 15 at
9  1.)  This argument is devoid of merit.  The court's July 24, 2013 order clearly outlined the three
10  entities required to be served in a social security case, along with the required methods of service,
11  with reference to Federal Rule of Civil Procedure 4(i).  (ECF No. 8.)  Although it appears that the
12  Attorney General of the United States at Washington, DC has now been served at the correct
13  address, there is no indication in the record that plaintiff has properly served the Commissioner or
14  the United States Attorney for the Eastern District of California as directed by the court.  Indeed,
15  plaintiff's objections do not even reference the United States Attorney for the Eastern District of
16  California.  Furthermore, although plaintiff states that the court directed service on the
17  Commissioner's Region IX counsel at a "555 Street" address (ECF No. 15 at 1), plaintiff's
18  counsel is incorrect.  The court's July 24, 2013 order specifically directed plaintiff to serve the
19  Commissioner by registered or certified mail at the 160 Spear Street, Suite 800, San Francisco,
20  CA 94105-1545 address.  (See ECF No. 8 at 2.)

21  In sum, plaintiff has yet to properly complete service of process in accordance with the
22  court's July 24, 2013 order and subsequent orders.[3]  Moreover, plaintiff's objections do not
23  explain why he essentially ignored the court's December 13, 2013 order to show cause, which is
24  sanctionable conduct in itself.

---

[3] In his objections, plaintiff's counsel suggests that the court is "defending the defendant, rather than judging the facts of the case."  To the contrary, it is the court's fervent desire to resolve this action on the merits, which is why the court has already granted several extensions and provided instructions on how to properly complete service of process.  Instead, a resolution on the merits is presently thwarted by plaintiff's counsel's failure to properly complete service of process.

For these reasons, plaintiff's objections are overruled. Plaintiff shall pay the full amount of sanctions assessed, and properly complete service of process on the three entities, as outlined above, by the deadline set in the January 6, 2014 order, i.e., <u>no later than January 20, 2014</u>. If plaintiff's counsel fails to do so, the court will have little choice but to recommend dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections (ECF No. 15) are OVERRULED.
2. **All provisions of the court's January 6, 2014 order remain in full effect.** Failure to (i) fully pay the monetary sanctions assessed[4] <u>and</u> (ii) properly complete service of process and file a proof of service to that effect, by the required deadline (January 20, 2014) will result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). *No further extensions will be granted.*

IT IS SO ORDERED.

Dated: January 8, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff's counsel is again reminded that he may not attempt to recover the monetary sanctions from plaintiff directly or indirectly.