UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATE WHITE,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.

No.  2:13-cv-0626-KJN

ORDER AND

FINDINGS AND RECOMMENDATIONS

INTRODUCTION

       By these findings and recommendations, the court recommends that plaintiff's action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).[1]  Despite numerous extensions, instructions, and warnings by the court, plaintiff has failed to properly complete service of process and has repeatedly failed to comply with the court's orders.  Having already attempted less severe measures and sanctions in an attempt to bring plaintiff into compliance, the court has little choice but to recommend dismissal at this juncture.

BACKGROUND

       Plaintiff Nate White, represented by counsel, filed this social security action on April 1, 2013, and paid the filing fee.  (ECF No. 1.)  Thereafter, on July 24, 2013, the court denied

---

[1] This instant action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15).

1   plaintiff's request for entry of default against the Commissioner of Social Security without

2   prejudice, explaining that service of process on the Commissioner had not been properly

3   completed.  (ECF No. 8.)  In particular, the court noted:

4
5   > In addition to serving the Commissioner itself, a plaintiff in a social
    > security action is required to deliver a copy of the summons and
    > complaint to the United States attorney for the district where the
6   > action is brought (i.e., the United States Attorney for the Eastern
    > District of California), and to send a copy of the summons and
7   > complaint by registered or certified mail to the Attorney General of
    > the United States at Washington, D.C.  <u>See</u> Fed. R. Civ. P.
8   > 4(i)(1)(A) & (B), (2).  According to the affidavit of the process
    > server filed by plaintiff, plaintiff served the Commissioner by
9   > personally delivering a copy of the summons and complaint to an
    > individual named Mimi Taylor at 6401 Security Boulevard,
10  > Baltimore, MD 21235 on April 29, 2013.  (ECF No. 5.)  However,
    > it appears that plaintiff did not also serve the United States Attorney
11  > for the Eastern District of California or the Attorney General of the
    > United States at Washington, D.C., and that service of process thus
12  > has not been completed.

13  > Moreover, the Commissioner has previously advised the court that,
    > due to inherent delays when service is made upon the
14  > Commissioner in Baltimore, M.D., a copy of the summons and
    > complaint should instead be sent by registered or certified mail to
15  > the Commissioner of Social Security, c/o Office of General
    > Counsel, Region IX, 160 Spear Street, Suite 800, San Francisco,
16  > CA, 94105-1545.  <u>See</u> Fed. R. Civ. P. 4(i)(2).  Although plaintiff's
    > counsel cannot be faulted for being unaware of this information, it
17  > possibly explains the delay encountered by plaintiff's counsel, in
    > addition to the fact that plaintiff did not complete the other
18  > components for service of process on the Commissioner.

19  (<u>Id.</u>)  The court then ordered plaintiff, within 28 days of that order, to "complete service of

20  process by serving the Commissioner, the United States Attorney for the Eastern District of

21  California, and the Attorney General of the United States at Washington, D.C., as specified above

22  and in the Federal Rules of Civil Procedure, with the complaint, summons, scheduling order, a

23  copy of this order, and other appropriate case documents."  (<u>Id.</u>)

24        Subsequently, on August 8, 2013, plaintiff's counsel filed a declaration, with attached

25  U.S. Postal Service receipts, indicating that he had served the Commissioner at its Baltimore,

26  Maryland address and a "90 **7th** Street, Annex, San Francisco, CA" address by certified mail; and

27  that he had served the Attorney General of the United States at a "555 4th Street NW,

28  Washington, DC" address.  (ECF No. 9.)  Based on a quick Internet search, the San Francisco

1   address referenced appeared to be the address of the general San Francisco Social Security Office,

2   whereas the Washington, DC address referenced appeared to be the address for the United States

3   Attorney's Office for the District of Columbia.

4          On September 30, 2013, plaintiff's counsel then filed an affidavit by a process server

5   indicating that copies of the summons, complaint, and case documents were delivered to the

6   Attorney General of the United States at 950 Pennsylvania Avenue NW, Washington , DC,"

7   which appears to be the correct mailing address for the Attorney General.  (ECF No. 10.)

8          Thereafter, on October 5, 2013, plaintiff's counsel filed two returns of service, indicating

9   that plaintiff's counsel had personally delivered the case documents to the Commissioner at a "90

10  *5th* Street, San Francisco, CA" address on October 1, 2013.  (ECF Nos. 11, 12.)[2]

11         Subsequently, on December 13, 2013, the court issued an order to show cause requiring

12  plaintiff's counsel, James Joseph Lynch, Jr., within fourteen (14) days of that order, to articulate

13  why he should not be sanctioned in the amount of $300 for his failure to comply with the

14  procedural rules for service of process on the Commissioner and the court's July 24, 2013 order

15  directing that service of process be completed within 28 days of that order.  (ECF No. 13 at 3.)

16  The court noted that the Commissioner's failure to appear up to that point was likely because

17  plaintiff's counsel:

18              has yet to properly complete service of process in the case, despite
                the court clear instructions in its prior July 24, 2013 order.  At a
19              minimum, plaintiff has failed to serve the United States Attorney
                for the Eastern District of California as required by the Federal
20              Rules of Civil Procedure and this court's prior order.  Furthermore,
                although it appears that the Attorney General of the United States
21              has now been served at the correct address, it is entirely unclear
                why plaintiff's counsel failed to serve the Commissioner at the
22              address for the Commissioner's  Office of General Counsel, Region
                IX, as ordered by the court, and instead opted to serve the
23              Commissioner at the regular social security office in San Francisco.

24              Plaintiff's counsel's failure to comply with the applicable
                procedural rules and the court's order has resulted in substantial
25              delay to resolution of this case, which can be especially prejudicial

26  ───────────────────────
    [2] Presumably, this personal delivery had actually taken place at the general San Francisco Social
27  Security Office at 90 *7th* Street Annex, San Francisco, CA.  Curiously, plaintiff's counsel
    attached photos of the office, but these are illegible.  According to plaintiff's counsel, he was
28  threatened with arrest if he did not leave.  (ECF Nos. 11, 12.)

> in a social security case where a claimant may wait several years for judicial review of his or her claims. Additionally, these failures have resulted in a waste of court time and resources unnecessarily expended to address the deficiencies in service of process.

(Id.) The court further ordered plaintiff to properly complete service of process in accordance with the Federal Rules of Civil Procedure and the court's July 24, 2013 order, and file a proof of service to that effect, within fourteen (14) days. (Id.) Plaintiff was also cautioned that "[f]ailure to file a timely response to this order to show cause and/or to complete service of process by the required deadline will result in the imposition of increased monetary sanctions and/or in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b)." (Id. at 4.)

On January 6, 2014, after plaintiff failed to file a response to the order to show cause or a supplemental declaration regarding service of process by the required deadline, the court issued an order imposing monetary sanctions. (ECF No. 14.) The court noted that although it had considered whether the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b), the court first wished to attempt lesser sanctions in order to obtain plaintiff's compliance. (ECF No. 14 at 2.) The court ordered plaintiff's counsel, James Joseph Lynch, Jr., within fourteen (14) days of the order, to personally pay the Clerk of Court $600 in monetary sanctions for his failure to comply with procedural rules and the court's orders. (Id.) The court emphasized that plaintiff's counsel was not permitted to collect such sanctions from plaintiff directly or indirectly. (Id.) Additionally, the court again ordered plaintiff, within fourteen (14) days of the order, to complete service of process in accordance with the Federal Rules of Civil Procedure and this court's July 24, 2013 order, and file a proof of service to that effect. (Id.) Plaintiff was cautioned that "[f]ailure to pay the monetary sanctions in full and/or to properly complete service of process by the required deadline will result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b)." (Id.) The court directed plaintiff's counsel to serve a copy of the order on plaintiff himself. (Id.)

The next day, on January 7, 2014, plaintiff filed objections to the court's January 6, 2014 order imposing monetary sanctions. (ECF No. 15.) On January 8, 2014, the court overruled

4

1  plaintiff's objections, reasoning as follows:

> Plaintiff contends that his "failure to meet time limits was not the result of failure of diligence, but the result of lack of sufficient information to get the work done." (ECF No. 15 at 1.) This argument is devoid of merit. The court's July 24, 2013 order clearly outlined the three entities required to be served in a social security case, along with the required methods of service, with reference to Federal Rule of Civil Procedure 4(i). (ECF No. 8.) Although it appears that the Attorney General of the United States at Washington, DC has now been served at the correct address, there is no indication in the record that plaintiff has properly served the Commissioner or the United States Attorney for the Eastern District of California as directed by the court. Indeed, plaintiff's objections do not even reference the United States Attorney for the Eastern District of California. Furthermore, although plaintiff states that the court directed service on the Commissioner's Region IX counsel at a "555 Street" address (ECF No. 15 at 1), plaintiff's counsel is incorrect. The court's July 24, 2013 order specifically directed plaintiff to serve the Commissioner by registered or certified mail at the 160 Spear Street, Suite 800, San Francisco, CA 94105-1545 address. (See ECF No. 8 at 2.)
>
> In sum, plaintiff has yet to properly complete service of process in accordance with the court's July 24, 2013 order and subsequent orders. Moreover, plaintiff's objections do not explain why he essentially ignored the court's December 13, 2013 order to show cause, which is sanctionable conduct in itself.

(ECF No. 16 at 3.) The court also referenced plaintiff's baseless suggestion in the objections that the court is "defending the defendant, rather than judging the facts of the case." (ECF No. 15 at 1.) The court pointed out that:

> To the contrary, it is the court's fervent desire to resolve this action on the merits, which is why the court has already granted several extensions and provided instructions on how to properly complete service of process. Instead, a resolution on the merits is presently thwarted by plaintiff's counsel's failure to properly complete service of process.

(ECF No. 16 at 3 n.3.) Out of abundance of caution, the court's January 8, 2014 order once again specifically outlined the entities to be served, the entities' addresses, the required methods of service, and the corresponding Federal Rules of Civil Procedure provisions. (Id. at 1-2.) In the interests of clarity, the court also confirmed that:

////

////

**All provisions of the court's January 6, 2014 order remain in full effect.** Failure to (i) fully pay the monetary sanctions assessed <u>and</u> (ii) properly complete service of process and file a proof of service to that effect, by the required deadline (January 20, 2014) will result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). *No further extensions will be granted.*

(<u>Id.</u> at 4.)

Finally, on January 13, 2014, plaintiff filed a motion for reconsideration of the court's January 8, 2014 order, which according to the docket was set for a hearing before the undersigned on February 13, 2014. (ECF No. 19.) That same day, after reviewing the papers in support of the motion, the court found that oral argument would not be of material assistance in resolving the motion, vacated the February 13, 2014 hearing, and submitted the motion on the record and briefing pursuant to Local Rule 230(g). (ECF No. 20.)

<u>DISCUSSION</u>

<u>January 13, 2014 Motion for Reconsideration</u>

Plaintiff's motion for reconsideration is largely identical to plaintiff's January 7, 2014 objections and contains many of the same frivolous arguments already rejected in the court's January 8, 2014 order. (<u>Compare</u> ECF No. 15 [objections] to ECF No. 19 [motion for reconsideration]; <u>see also</u> ECF No. 16 [court's January 8, 2014 order].) In fact, in many respects, it is as if plaintiff did not even review the court's January 8, 2014 order and prior orders before filing the motion for reconsideration. Plaintiff does add that:

> a new set of documents were mailed 01/10/13 VIA Express mail, with all papers, including the consent forms as follows:
>
> AG by One Source, 2200 Pennsylvania Ave. NW, Washington, DC 20037
>
> Region IX Counsel by S&R Services, 903 Sneath Lane, Site 227, San Bruno, CA 95066.

(ECF No. 19 at 2.) However, because plaintiff failed to attach any proofs of service by these process servers, it is unclear whether plaintiff this time served the Commissioner's Region IX counsel at the correct address as ordered by the court. Moreover, even if that is the case, plaintiff again entirely ignores his obligation to serve the United States Attorney for the Eastern District of

1   California as directed by the court in accordance with the Federal Rules of Civil Procedure.

2   Thus, the record before the court still shows that plaintiff has failed to properly complete service

3   of process on the Commissioner.[3]

4        Plaintiff's motion for reconsideration also notes that counsel does not have the funds to

5   pay the $600 in monetary sanctions and requests that he be allowed to pay the sanctions in

6   installments.  (ECF No. 19 at 2.)  Ordinarily, the court would be inclined to permit plaintiff's

7   counsel to pay sanctions in installments – after all, the court's primary purpose for imposing

8   monetary sanctions was not to collect money, but instead to enforce its procedural rules and

9   orders, and to obtain plaintiff's compliance with them.  However, because plaintiff has yet to

10  properly complete service of process at this juncture, the court declines to modify the terms of its

11  monetary sanctions order and instead recommends dismissal of the action pursuant to Federal

12  Rule of Civil Procedure 41(b), as discussed further below.

13       Accordingly, the court denies plaintiff's motion for reconsideration.[4]

14

15  [3] Plaintiff attached an excerpt of the Commissioner's Program Operations Manual System

16  ("POMS") to a prior disregarded version of his motion for reconsideration.  (ECF No. 17-1.)  The POMS indicates that process documents for social security cases in the Eastern District of

17  California should be sent to Region IX Counsel in San Francisco, California.  (Id.)  However, to the extent that plaintiff contends that that was the only action required to complete service of

18  process on the Commissioner, that argument lacks merit.  As a litigant in federal court, plaintiff must comply with the Federal Rules of Civil Procedure, which direct that service of process on a

19  federal administrative agency, such as the Commissioner, be accomplished by serving all of the three components discussed above.  See Fed. R. Civ. P. 4(i)(1)(A) & (B), (2).  Essentially, the

20  POMS only provides instruction as to how to serve one of the three components (the agency itself).  Moreover, even if plaintiff now claims to have been confused by the interplay of the

21  Federal Rules of Civil Procedure and the POMS, the court previously specifically outlined the three components/entities to be served, their respective addresses, and the appropriate methods of

22  service, and then ordered plaintiff to accomplish service on all three components.  Plaintiff's

23  failure to comply with the court's specific orders is at his own peril.

24  [4] The court notes that plaintiff's motion for reconsideration, although previously noticed for a hearing before the undersigned, apparently also seeks review of the court's January 8, 2014 order

25  by a district judge.  (ECF No. 19.)  Until the issuance of these findings and recommendations, no

26  district judge was assigned to this action.  However, along with these findings and recommendations, the court orders the Clerk of Court to assign a district judge to this matter.

27  Plaintiff will have an opportunity to seek reconsideration by the assigned district judge of the undersigned's January 8, 2014 order as part of any objections plaintiff may file to the findings

28  and recommendations.

1    <u>Recommendation of Dismissal Pursuant to Federal Rule of Civil Procedure 41(b)</u>

2    Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

3    with these Rules or with any order of the Court may be grounds for imposition by the Court of

4    any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

5    Case law is in accord that a district court may impose sanctions, including involuntary

6    dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that

7    plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal

8    Rules of Civil Procedure, or the court's local rules.  <u>See</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32,

9    44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to

10   prosecute"); <u>Hells Canyon Preservation Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir.

11   2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b)

12   sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the

13   court's orders); <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow

14   a district court's local rules is a proper ground for dismissal"); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258,

15   1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may

16   dismiss an action for failure to comply with any order of the court"); <u>Thompson v. Housing Auth.</u>

17   <u>of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have

18   inherent power to control their dockets and may impose sanctions including dismissal or default).

19   A court must weigh five factors in determining whether to dismiss a case for failure to

20   prosecute, failure to comply with a court order, or failure to comply with a district court's local

21   rules.  <u>See, e.g.</u>, <u>Ferdik</u>, 963 F.2d at 1260.  Specifically, the court must consider:

22       (1) the public's interest in expeditious resolution of litigation; (2)
         the court's need to manage its docket; (3) the risk of prejudice to
23       the defendants; (4) the public policy favoring disposition of cases
         on their merits; and (5) the availability of less drastic alternatives.
24

25   <u>Id.</u> at 1260-61; <u>accord</u> <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642-43 (9th Cir. 2002); <u>Ghazali v.</u>

26   <u>Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995).  The Ninth Circuit Court of Appeals has stated that

27   "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

28   way for a district judge to think about what to do."  <u>In re Phenylpropanolamine (PPA) Prods.</u>

1   Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).  Although involuntary dismissal can be a harsh

2   remedy, on balance the five relevant factors weigh in favor of dismissal of this action.

3            Here, the first two Ferdik factors strongly support dismissal.  As outlined above, plaintiff

4   has failed to properly complete service of process on the Commissioner, failed to comply with

5   numerous court orders, and entirely ignored the court's December 13, 2013 order to show cause.

6   Plaintiff's actions have resulted in a waste of the court's time and resources, as well as substantial

7   delay of the case, which cannot proceed without the Commissioner being properly served with

8   process.  Indeed, if procedural rules and the court's orders are to have any teeth, the history of this

9   case indicates that dismissal is the appropriate course of action.

10            The third Ferdik factor, prejudice to the defendant, also favors dismissal.  At the very

11  least, the Commissioner has been named in a civil action and has had progress towards resolution

12  of the case delayed by plaintiff's failure to complete service of process, and failure to comply

13  with procedural rules and the court's orders.

14            The fifth Ferdik factor, availability of less drastic alternatives, also favors dismissal.  As

15  noted above, the court issued several orders instructing plaintiff on how to complete service of

16  process, and also granted plaintiff numerous extensions to complete service of process and

17  comply with the court's orders.  Prior to imposing monetary sanctions, the court first issued an

18  order to show cause, giving plaintiff an opportunity to show good cause for his failures and

19  delays, but to which plaintiff entirely failed to respond.  Then, in lieu of immediately

20  recommending dismissal of the action, the court first imposed monetary sanctions in an attempt to

21  obtain plaintiff's compliance and avoid the drastic sanction of dismissal.  However, all of these

22  less drastic alternatives have proven to be fruitless.

23            The court also recognizes the importance of giving due weight to the fourth Ferdik factor,

24  which addresses the public policy favoring disposition of cases on the merits.  However, for the

25  reasons set forth above, factors one, two, three, and five support a recommendation of dismissal

26  of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where

27  at least four factors support dismissal or where at least three factors 'strongly' support dismissal."

28  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks

1  omitted).  Under the circumstances of this case, the other relevant factors outweigh the general

2  public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If

3  anything, a disposition on the merits has been hindered by plaintiff's own failure to complete

4  service of process, follow the applicable procedural rules, and comply with the court's orders.

5        In sum, the court has endeavored to give plaintiff a fair opportunity to move his case

6  forward and has been exceptionally lenient in providing plaintiff with numerous extensions,

7  instructions, and warnings.  Indeed, in the court's experience, most social security claimants

8  *proceeding without counsel* have required much less instruction in order to advance their claims

9  towards a resolution on the merits.  At some point, leniency must give way to considerations of

10  limited court resources, fairness to other compliant litigants, and consistent enforcement of the

11  court's rules and orders.

12  CONCLUSION

13        For the reasons outlined above, IT IS HEREBY ORDERED that:

14        1.  Plaintiff's motion for reconsideration (ECF No. 19) is denied.

15        2.  The Clerk of Court is directed to randomly assign a United States District Judge to this

16            action.

17        3.  No further motions for reconsideration will be entertained by the undersigned.  Other

18            than objections to the findings and recommendations, which must be directed to the

19            district judge, all motion practice in this action is stayed pending resolution of the

20            findings and recommendations by the district judge.

21        IT IS ALSO HEREBY RECOMMENDED that:

22        1.  The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

23        2.  The Clerk of Court be directed to close this case.

24        These findings and recommendations are submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

26  days after being served with these findings and recommendations, any party may file written

27  objections with the court and serve a copy on all parties.  Such a document should be captioned

28  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1    shall be served on all parties and filed with the court within fourteen (14) days after service of the

2    objections.  The parties are advised that failure to file objections within the specified time may

3    waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th

4    Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

5         IT IS SO ORDERED AND RECOMMENDED.

6    Dated:  January 28, 2014

7

8    KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28