1
2
3
4
5
6
7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NATE WHITE,                              No.  2:13-cv-0626-WBS-KJN

12                    Plaintiff,

13          v.                                ORDER AND AMENDED

14   COMMISSIONER OF SOCIAL                   FINDINGS AND RECOMMENDATIONS
     SECURITY,
15
                      Defendant.
16

17   INTRODUCTION

18          By these amended findings and recommendations, the court recommends that plaintiff's

19   action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).[1]  Despite numerous

20   extensions, instructions, and warnings by the court, plaintiff has failed to properly complete

21   service of process and has repeatedly failed to comply with the court's orders.  After the court

22   scheduled a status conference in a final attempt to address, and potentially remedy, plaintiff's

23   failure to complete service of process, plaintiff also failed to appear at that status conference

24   without any prior notice or excuse to the court.  Having already attempted multiple less severe

25   measures and sanctions in an attempt to bring plaintiff into compliance, the court has little choice

26   but to recommend dismissal of the action at this juncture.

27

28   _____
     [1] This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15).

                                                1

BACKGROUND

Plaintiff Nate White, represented by counsel, filed this social security action on April 1, 2013, and paid the filing fee.  (ECF No. 1.)  Thereafter, on July 24, 2013, the court denied plaintiff's request for entry of default against the Commissioner of Social Security without prejudice, explaining that service of process on the Commissioner had not been properly completed.  (ECF No. 8.)  In particular, the court noted:

> In addition to serving the Commissioner itself, a plaintiff in a social security action is required to deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought (i.e., the United States Attorney for the Eastern District of California), and to send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.  See Fed. R. Civ. P. 4(i)(1)(A) & (B), (2).  According to the affidavit of the process server filed by plaintiff, plaintiff served the Commissioner by personally delivering a copy of the summons and complaint to an individual named Mimi Taylor at 6401 Security Boulevard, Baltimore, MD 21235 on April 29, 2013.  (ECF No. 5.)  However, it appears that plaintiff did not also serve the United States Attorney for the Eastern District of California or the Attorney General of the United States at Washington, D.C., and that service of process thus has not been completed.

> Moreover, the Commissioner has previously advised the court that, due to inherent delays when service is made upon the Commissioner in Baltimore, M.D., a copy of the summons and complaint should instead be sent by registered or certified mail to the Commissioner of Social Security, c/o Office of General Counsel, Region IX, 160 Spear Street, Suite 800, San Francisco, CA, 94105-1545.  See Fed. R. Civ. P. 4(i)(2).  Although plaintiff's counsel cannot be faulted for being unaware of this information, it possibly explains the delay encountered by plaintiff's counsel, in addition to the fact that plaintiff did not complete the other components for service of process on the Commissioner.

(Id.)  The court then ordered plaintiff, within 28 days of that order, to "complete service of process by serving the Commissioner, the United States Attorney for the Eastern District of California, and the Attorney General of the United States at Washington, D.C., as specified above and in the Federal Rules of Civil Procedure, with the complaint, summons, scheduling order, a copy of this order, and other appropriate case documents."  (Id.)

Subsequently, on August 8, 2013, plaintiff's counsel filed a declaration, with attached U.S. Postal Service receipts, indicating that he had served the Commissioner at its Baltimore,

1   Maryland address and a "90 **7th** Street, Annex, San Francisco, CA" address by certified mail; and

2   that he had likewise served the Attorney General of the United States at a "555 4th Street NW,

3   Washington, DC" address.  (ECF No. 9.)  Based on a quick Internet search, the San Francisco

4   address referenced appeared to be the address of the general San Francisco Social Security Office,

5   whereas the Washington, DC address referenced appeared to be the address for the United States

6   Attorney's Office for the District of Columbia.

7          On September 30, 2013, plaintiff's counsel then filed an affidavit by a process server

8   indicating that copies of the summons, complaint, and case documents were delivered to the

9   Attorney General of the United States at 950 Pennsylvania Avenue NW, Washington, DC,"

10  which appears to be the correct mailing address for the Attorney General.  (ECF No. 10.)

11         Thereafter, on October 5, 2013, plaintiff's counsel filed two returns of service, indicating

12  that plaintiff's counsel had personally delivered the case documents to the Commissioner at a "90

13  **5th** Street, San Francisco, CA" address on October 1, 2013.  (ECF Nos. 11, 12.)[2]

14         Subsequently, on December 13, 2013, the court issued an order to show cause requiring

15  plaintiff's counsel, James Joseph Lynch, Jr., within fourteen (14) days of that order, to articulate

16  why he should not be sanctioned in the amount of $300 for his failure to comply with the

17  procedural rules for service of process on the Commissioner and the court's July 24, 2013 order

18  directing that service of process be completed within 28 days of that order.  (ECF No. 13 at 3.)

19  The court noted that the Commissioner's failure to appear up to that point was likely because

20  plaintiff's counsel:

21              has yet to properly complete service of process in the case, despite
                the court's clear instructions in its prior July 24, 2013 order.  At a
22              minimum, plaintiff has failed to serve the United States Attorney
                for the Eastern District of California as required by the Federal
23              Rules of Civil Procedure and this court's prior order.  Furthermore,
                although it appears that the Attorney General of the United States
24              has now been served at the correct address, it is entirely unclear
                why plaintiff's counsel failed to serve the Commissioner at the
25              address for the Commissioner's  Office of General Counsel, Region

26  _____
    [2] Presumably, this personal delivery had actually taken place at the general San Francisco Social
27  Security Office at 90 **7th** Street Annex, San Francisco, CA.  Curiously, plaintiff's counsel
    attached photos of the office, but these are illegible.  According to plaintiff's counsel, he was
28  threatened with arrest if he did not leave.  (ECF Nos. 11, 12.)

IX, as ordered by the court, and instead opted to serve the Commissioner at the regular social security office in San Francisco.

Plaintiff's counsel's failure to comply with the applicable procedural rules and the court's order has resulted in substantial delay to resolution of this case, which can be especially prejudicial in a social security case where a claimant may wait several years for judicial review of his or her claims. Additionally, these failures have resulted in a waste of court time and resources unnecessarily expended to address the deficiencies in service of process.

(Id.) The court further ordered plaintiff to properly complete service of process in accordance with the Federal Rules of Civil Procedure and the court's July 24, 2013 order, and file a proof of service to that effect, within fourteen (14) days. (Id.) Plaintiff was also cautioned that "[f]ailure to file a timely response to this order to show cause and/or to complete service of process by the required deadline will result in the imposition of increased monetary sanctions and/or in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b)." (Id. at 4.)

On January 6, 2014, after plaintiff failed to file a response to the order to show cause or a supplemental declaration regarding service of process by the required deadline, the court issued an order imposing monetary sanctions. (ECF No. 14.) The court noted that although it had considered whether the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b), the court first wished to attempt lesser sanctions in order to obtain plaintiff's compliance. (ECF No. 14 at 2.) The court ordered plaintiff's counsel, James Joseph Lynch, Jr., within fourteen (14) days of the order, to personally pay the Clerk of Court $600 in monetary sanctions for his failure to comply with procedural rules and the court's orders. (Id.) The court emphasized that plaintiff's counsel was not permitted to collect such sanctions from plaintiff directly or indirectly. (Id.) Additionally, the court again ordered plaintiff, within fourteen (14) days of the order, to complete service of process in accordance with the Federal Rules of Civil Procedure and this court's July 24, 2013 order, and file a proof of service to that effect. (Id.) Plaintiff was cautioned that "[f]ailure to pay the monetary sanctions in full and/or to properly complete service of process by the required deadline will result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b)." (Id.) The court directed plaintiff's counsel to

4

1    serve a copy of the order on plaintiff himself.  (Id.)

2         The next day, on January 7, 2014, plaintiff filed objections to the court's January 6, 2014

3    order imposing monetary sanctions.  (ECF No. 15.)  On January 8, 2014, the court overruled

4    plaintiff's objections, reasoning as follows:

> Plaintiff contends that his "failure to meet time limits was not the
> result of failure of diligence, but the result of lack of sufficient
> information to get the work done."  (ECF No. 15 at 1.)  This
> argument is devoid of merit.  The court's July 24, 2013 order
> clearly outlined the three entities required to be served in a social
> security case, along with the required methods of service, with
> reference to Federal Rule of Civil Procedure 4(i).  (ECF No. 8.)
> Although it appears that the Attorney General of the United States
> at Washington, DC has now been served at the correct address,
> there is no indication in the record that plaintiff has properly served
> the Commissioner or the United States Attorney for the Eastern
> District of California as directed by the court.  Indeed, plaintiff's
> objections do not even reference the United States Attorney for the
> Eastern District of California.  Furthermore, although plaintiff
> states that the court directed service on the Commissioner's Region
> IX counsel at a "555 Street" address (ECF No. 15 at 1), plaintiff's
> counsel is incorrect.  The court's July 24, 2013 order specifically
> directed plaintiff to serve the Commissioner by registered or
> certified mail at the 160 Spear Street, Suite 800, San Francisco, CA
> 94105-1545 address.  (See ECF No. 8 at 2.)
>
> In sum, plaintiff has yet to properly complete service of process in
> accordance with the court's July 24, 2013 order and subsequent
> orders.  Moreover, plaintiff's objections do not explain why he
> essentially ignored the court's December 13, 2013 order to show
> cause, which is sanctionable conduct in itself.

19   (ECF No. 16 at 3.)  The court also referenced plaintiff's baseless suggestion in the objections that

20   the court is "defending the defendant, rather than judging the facts of the case."  (ECF No. 15 at

21   1.)  The court pointed out that:

> To the contrary, it is the court's fervent desire to resolve this action
> on the merits, which is why the court has already granted several
> extensions and provided instructions on how to properly complete
> service of process.  Instead, a resolution on the merits is presently
> thwarted by plaintiff's counsel's failure to properly complete
> service of process.

26   (ECF No. 16 at 3 n.3.)  Out of abundance of caution, the court's January 8, 2014 order once again

27   specifically outlined the entities to be served, the entities' addresses, the required methods of

28   service, and the corresponding Federal Rules of Civil Procedure provisions.  (Id. at 1-2.)  In the

1  interests of clarity, the court also confirmed that:

2  **All provisions of the court's January 6, 2014 order remain in
   full effect.**  Failure to (i) fully pay the monetary sanctions assessed

3  <u>and</u> (ii) properly complete service of process and file a proof of
   service to that effect, by the required deadline (January 20, 2014)

4  will result in a recommendation that the action be dismissed
   pursuant to Federal Rule of Civil Procedure 41(b).  *No further*

5  *extensions will be granted.*

6  (<u>Id.</u> at 4.)

7         Then, on January 13, 2014, plaintiff filed a motion for reconsideration of the court's

8  January 8, 2014 order, which according to the docket was set for a hearing before the undersigned

9  on February 13, 2014.  (ECF No. 19.)  That same day, after reviewing the papers in support of the

10 motion, the court found that oral argument would not be of material assistance in resolving the

11 motion, vacated the February 13, 2014 hearing, and submitted the motion on the record and

12 briefing pursuant to Local Rule 230(g).  (ECF No. 20.)

13         On January 28, 2014, the court denied plaintiff's motion for reconsideration.  (ECF No.

14 21.)  The court noted that plaintiff's motion for reconsideration was largely identical to plaintiff's

15 January 7, 2014 objections and contained many of the same frivolous arguments previously

16 rejected in the court's January 8, 2014 order.  (<u>Compare</u> ECF No. 15 [objections] to ECF No. 19

17 [motion for reconsideration]; <u>see also</u> ECF No. 16 [court's January 8, 2014 order].)  In fact, in

18 many respects, it was as if plaintiff had not even reviewed the court's January 8, 2014 order and

19 prior orders before filing the motion for reconsideration.  To be sure, plaintiff added that:

20         a new set of documents were mailed 01/10/13 VIA Express mail,
           with all papers, including the consent forms as follows:

21

22         AG by One Source, 2200 Pennsylvania Ave. NW, Washington, DC
           20037

23         Region IX Counsel by S&R Services, 903 Sneath Lane, Site 227,
           San Bruno, CA 95066.

24

25 (ECF No. 19 at 2.)  However, because plaintiff failed to attach any proofs of service by the

26 process servers, it was unclear whether plaintiff had actually served the Commissioner's Region

27 IX counsel at the correct address as ordered by the court.  Moreover, plaintiff again entirely

28 ignored his obligation to serve the United States Attorney for the Eastern District of California as

1    directed by the court in accordance with the Federal Rules of Civil Procedure.[3]

2           Because the record before the court still showed that plaintiff failed to properly complete

3    service of process on the Commissioner, the court, simultaneously with the January 28, 2014

4    order denying the motion for reconsideration, issued findings and recommendations for dismissal

5    of the action pursuant to Federal Rule of Civil Procedure 41(b).[4]  Plaintiff failed to file any

6    objections to the findings and recommendations, but submitted further proofs of service on

7    February 18, 2014.  (ECF No. 22.)  Those proofs of service documented service on the Attorney

8    General in Washington, DC on January 17, 2014, and service on the Commissioner in Baltimore,

9    Maryland on January 23, 2014.  (Id.)  Needless to say, these service attempts did not cure the

10   previously-identified deficiencies, and again raised the question of whether plaintiff had even

11   read the court's prior orders.

12          In a final attempt to address and potentially remedy plaintiff's continued failure to

13   properly complete service of process, the court issued an order on February 25, 2014, staying the

14   findings and recommendations and scheduling a status conference for March 13, 2014.  (ECF No.

---

15   [3] Plaintiff also attached an excerpt of the Commissioner's Program Operations Manual System
16   ("POMS") to a prior disregarded version of his motion for reconsideration.  (ECF No. 17-1.)  The
     POMS indicates that process documents for social security cases in the Eastern District of
17   California should be sent to Region IX Counsel in San Francisco, California.  (Id.)  However, to
18   the extent that plaintiff contends that that was the only action required to complete service of
     process on the Commissioner, that argument lacks merit.  As a litigant in federal court, plaintiff
19   must comply with the Federal Rules of Civil Procedure, which direct that service of process on a
     federal administrative agency, such as the Commissioner, be accomplished by serving all of the
20   three components discussed above.  See Fed. R. Civ. P. 4(i)(1)(A) & (B), (2).  Essentially, the
     POMS only provides instruction as to how to serve one of the three components (the agency
21   itself).  Moreover, even if plaintiff now claims to have been confused by the interplay of the
22   Federal Rules of Civil Procedure and the POMS, the court previously specifically outlined the
     three components/entities to be served, their respective addresses, and the appropriate methods of
23   service, and then ordered plaintiff to accomplish service on all three components.  Plaintiff's
     failure to comply with the court's specific orders is at his own peril.
24
     [4] The court noted that plaintiff's motion for reconsideration, although previously noticed for a
25   hearing before the undersigned, could also be construed as seeking review of the court's January
26   8, 2014 order by a district judge.  (ECF No. 19.)  As part of its January 28, 2014 order and
     findings and recommendations, the court ordered that a United States District Judge be assigned
27   to the case, and invited plaintiff to seek reconsideration of the undersigned's January 8, 2014
     order by the district judge as part of any objections plaintiff would file to the findings and
28   recommendations.

1    23.)  The court ordered plaintiff's counsel and a representative of the United States Attorney's

2    Office to be personally present at the status conference.  (Id.)  The goal of the status conference

3    was essentially two-fold: (1) to again explain the service requirements to plaintiff's counsel (this

4    time, in person); and (2) to ascertain whether the United States Attorney's Office would be

5    willing to voluntarily accept service of the complaint in order to have the case proceed on the

6    merits.

7        However, as noted above, plaintiff failed to appear at the March 13, 2014 status

8    conference, without any prior notice or excuse to the court.  Earlene Gordon from the United

9    States Attorney's Office was present at the status conference in compliance with the court's order,

10   but indicated that she was only making a courtesy special appearance, and declined to enter an

11   appearance on behalf of the Commissioner in light of the defective service of process.

12       In light of the foregoing, it seems clear that plaintiff is unwilling to comply with the

13   Federal Rules of Civil Procedure and this court's orders, leaving the court with no choice but to

14   recommend dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

15   Accordingly, for the reasons discussed below, the court vacates its prior January 28, 2014

16   findings and recommendations, and issues the following amended findings and recommendations.

17   DISCUSSION

18       Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

19   with these Rules or with any order of the Court may be grounds for imposition by the Court of

20   any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

21       Case law is in accord that a district court may impose sanctions, including involuntary

22   dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that

23   plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal

24   Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32,

25   44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to

26   prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir.

27   2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b)

28   sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the

court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action.

Here, the first two Ferdik factors strongly support dismissal. As outlined above, plaintiff has failed to properly complete service of process on the Commissioner, failed to comply with numerous court orders, entirely ignored the court's December 13, 2013 order to show cause, and failed to appear at a subsequent court-ordered status conference concerning such deficiencies. Plaintiff's actions have resulted in a waste of the court's time and resources, as well as substantial delay of the case, which cannot proceed without the Commissioner being properly served with process. Indeed, if procedural rules and the court's orders are to have any teeth at all, the history of this case indicates that dismissal is the appropriate course of action.

////

1    The third <u>Ferdik</u> factor, prejudice to the defendant, also favors dismissal.  At a minimum,

2    the Commissioner has been named in a civil action and has had progress towards resolution of the

3    case delayed by plaintiff's failure to complete service of process, and failure to comply with

4    procedural rules and the court's orders.  Although the Commissioner may choose to waive the

5    formal requirements of service of process, it is certainly under no obligation to do so and may

6    justifiably insist on plaintiff performing his obligations under the Federal Rules of Civil

7    Procedure.

8    The fifth <u>Ferdik</u> factor, availability of less drastic alternatives, strongly favors dismissal.

9    As noted above, the court issued several orders instructing plaintiff on how to complete service of

10   process, and also granted plaintiff numerous extensions to complete service of process and

11   comply with the court's orders.  Prior to imposing monetary sanctions, the court first issued an

12   order to show cause, giving plaintiff an opportunity to show good cause for his failures and

13   delays, but to which plaintiff entirely failed to respond.  Then, in lieu of immediately

14   recommending dismissal of the action, the court first imposed monetary sanctions in an attempt to

15   obtain plaintiff's compliance and avoid the more drastic sanction of dismissal.[5]  When plaintiff

16   ultimately failed to pay the sanctions and service of process remained deficient, the court

17   recommended dismissal of the action, but then stayed those findings and recommendations,

18   scheduling a status conference in a last-ditch effort to coax plaintiff into compliance and

19   potentially allow the case to proceed on the merits.  However, all of these less drastic alternatives

20   have proven to be utterly fruitless.

21   The court also recognizes the importance of giving due weight to the fourth <u>Ferdik</u> factor,

22   which addresses the public policy favoring disposition of cases on the merits.  However, for the

---

[5] Plaintiff's motion for reconsideration noted that plaintiff's counsel did not have the funds to pay the $600 in monetary sanctions and requested that he be allowed to pay the sanctions in installments.  (ECF No. 19 at 2.)  Ordinarily, the court would be inclined to permit plaintiff's counsel to pay sanctions in installments – after all, the court's primary purpose for imposing monetary sanctions was not to collect money, but instead to enforce its procedural rules and orders, and to obtain plaintiff's compliance with them.  However, because plaintiff has yet to properly complete service of process at this juncture, the court declines to modify the terms of its monetary sanctions order and instead recommends dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

1   reasons set forth above, factors one, two, three, and five support a recommendation of dismissal

2   of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where

3   at least four factors support dismissal or where at least three factors 'strongly' support dismissal."

4   Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks

5   omitted).  Under the circumstances of this case, the other relevant factors outweigh the general

6   public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If

7   anything, a disposition on the merits has been hindered by plaintiff's own failure to complete

8   service of process, follow the applicable procedural rules, and comply with the court's orders.

9       In sum, the court has endeavored to give plaintiff a fair opportunity to move his case

10  forward and has been exceptionally lenient in providing plaintiff with numerous extensions,

11  instructions, and warnings.  Indeed, in the court's experience, most social security claimants

12  *proceeding without counsel* have required much less instruction in order to advance their claims

13  towards a resolution on the merits.  At some point, leniency must give way to considerations of

14  limited court resources, fairness to other compliant litigants, and consistent enforcement of the

15  court's rules and orders.

16      The court is cognizant that most, if not all, of the fault may lie with plaintiff's counsel,

17  whose conduct will here result in detrimental consequences to plaintiff himself, such as plaintiff's

18  inability to pursue his claim(s).  For that very reason, the court took great pains to avoid the harsh

19  sanction of dismissal and attempted to coerce compliance through less severe measures.  That

20  said, the court cannot choose plaintiff's attorney for him, and plaintiff is generally bound by the

21  actions of his attorney.  While plaintiff may have some form of remedy for negligence by his own

22  counsel in another forum, the court cannot permit the instant action to indefinitely remain in

23  limbo until either plaintiff's counsel decides to comply or plaintiff himself decides to take action.

24      Nevertheless, the court directs the Clerk of Court to serve an additional copy of this order

25  and amended findings and recommendations on plaintiff himself, providing plaintiff with

26  personal notice of the potential consequences and allowing plaintiff to take whatever appropriate

27  ////

28  ////

1 | actions he deems necessary.[6]

2 | CONCLUSION

3 |     For the reasons outlined above, IT IS HEREBY ORDERED that:

4 |     1.  The findings and recommendations portion of the court's January 28, 2014 order and

5 |         findings and recommendations is VACATED.

6 |     2.  The Clerk of Court shall additionally serve a copy of this order and amended findings

7 |         and recommendations on plaintiff Nate White himself at 816 H Street, Suite 257,

8 |         Sacramento, CA 95814.

9 |     IT IS ALSO HEREBY RECOMMENDED that:

10 |     1.  The action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

11 |     2.  The Clerk of Court be directed to close this case.

12 |     These findings and recommendations are submitted to the United States District Judge

13 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

14 | days after being served with these findings and recommendations, any party may file written

15 | objections with the court and serve a copy on all parties.  Such a document should be captioned

16 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

17 | shall be served on all parties and filed with the court within fourteen (14) days after service of the

18 | objections.  The parties are advised that failure to file objections within the specified time may

19 | waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

20 | Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

21 |     IT IS SO ORDERED AND RECOMMENDED.

22 | Dated:  March 17, 2014

23 |

24 | KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

25 |

26 |

27 |

28 | [6] The court directs service on plaintiff himself at an address referenced in exhibits to plaintiff's complaint: 816 H Street, Suite 257, Sacramento, CA 95814.  (ECF No. 1 at 13.)