UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATE WHITE,<br><br>            Plaintiff,<br><br>      v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | No.  2:13-cv-0626-KJN<br><br><br>ORDER |

On May 30, 2014, the court dismissed this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to complete service of process and comply with court orders.  (ECF No. 34.)[1]  Thereafter, on June 5, 2014, plaintiff, now proceeding without counsel, filed a motion for reconsideration of the order dismissing the case.  (ECF No. 36.)

Plaintiff essentially contends that the requirements for serving the Commissioner of Social Security were not fully or properly explained in the Federal Rules of Civil Procedure, by the Clerk of Court, and/or by the court; and that he had merely inadvertently failed to include a copy of the Certified Mail Receipt with his prior proof of service on the Commissioner.  (See ECF No. 33.)  Having now submitted the actual Certified Mail Receipt to the court, plaintiff claims that it would be unjust to punish him for "missing an unexplained detail in the process of serving the

---

[1] The protracted procedural history of this case and the reasons for the Rule 41(b) dismissal have been previously outlined in great detail (ECF Nos. 26, 34) and need not be repeated here.

1

Commissioner." (ECF No. 36 at 1.) Plaintiff's arguments are unpersuasive for two primary reasons.

First, plaintiff's claim that the requirements for serving the Commissioner were never fully or properly explained to him is devoid of merit. As an initial matter, it is plaintiff's own duty to familiarize himself with the requirements for serving the Commissioner of Social Security under the Federal Rules of Civil Procedure, and Clerk's Office employees are not permitted to dispense legal advice. Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Nonetheless, because the court was cognizant of plaintiff's *pro se* status, the court's May 8, 2014 order granting plaintiff an additional 14 days to complete service of process <u>specifically referred plaintiff to the court's previous January 8, 2014 order outlining in detail how to accomplish service of process on the Commissioner</u>[2] and expressly directed the Clerk of Court to serve a <u>copy of that prior order on plaintiff.</u> (ECF No. 32 at 3-4.) The court's records reflect that the court's January 8, 2014 order (ECF No. 16) was indeed served on plaintiff by mail on May 8, 2014, along with additional copies of the process documents and the May 8, 2014 order. Because plaintiff responded to the court's May 8, 2014 order by filing a further proof of service on May 20, 2014 (ECF No. 33), there is no question that plaintiff received the packet of orders and

---

[2] The January 8, 2014 order, which at that time was directed to plaintiff's former counsel after his numerous defective attempts at service of process, outlined the specific entities to be served, their addresses, and the methods of service required, by reference to the applicable provisions of the Federal Rules of Civil Procedure. (ECF No. 16 at 1-2.) Apart from mailing the process documents itself, which the court obviously cannot do for a litigant, the court is at a loss as to how this information could have been conveyed in a clearer fashion. The only reasonable inference that can be drawn is that neither plaintiff's former counsel nor plaintiff himself had actually read the court's orders.

1 process documents from the Clerk of Court. As such, plaintiff cannot credibly claim that the court did not inform him of the requirements for serving the Commissioner with process. In any event, even if he did not receive any guidance from the court, it is plaintiff's obligation to familiarize himself with the applicable procedural requirements.

Second, even if the court were to now consider the Certified Mail Receipt attached to the motion for reconsideration, that receipt does not demonstrate that service of process was properly accomplished. The Certified Mail Receipt indicates that plaintiff served certain documents on the Commissioner at a Richmond, California address. (ECF No. 36 at 4.) That address is not one of the three addresses at which the Commissioner must be served as required by the Federal Rules of Civil Procedure and as outlined in detail in the court's prior orders. (See ECF No. 16 at 1-2.) Therefore, even at this late juncture, plaintiff has yet to properly complete service of process on the Commissioner.

To summarize, plaintiff's former counsel failed to properly complete service of process despite several extensions and instructional orders from the court. Nonetheless, upon plaintiff's counsel's termination, the court did not fault plaintiff for the shortcomings of his prior counsel, and instead provided plaintiff himself with another opportunity to complete service of process (along with appropriate instruction as to how to accomplish the service of process). However, when plaintiff himself then also failed to complete service of process, the court dismissed the case, because, at some point, leniency must give way to considerations of limited court resources, fairness to other compliant litigants, and consistent enforcement of the court's rules and orders.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). None of these factors, or any other unusual circumstances warranting reconsideration, are present here.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 36) is denied.

////

2. No further motions or requests for reconsideration will be entertained, and any such future filings will be summarily disregarded in this already-closed case.

IT IS SO ORDERED.

Dated: June 9, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE